UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN BARELA, | ) 1:08-cv-1630 OWW GSA |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION |
| | ) REGARDING DISMISSAL OF ACTION |
| DERMONT GIVENS being sued in his, individual and official capacity, | ) |
| Defendants. | ) |

**INTRODUCTION**

Plaintiff Ruben Barela ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on October 27, 2008. In the complaint, Plaintiff alleges that Dermont Givens ("Defendant"), an attorney appointed by the parole board to represent Plaintiff at his parole hearing in June 2008, provided Plaintiff with unconstitutional representation and engaged in unethical practices. Upon a review of the complaint, this court recommends that the action be dismissed without leave to amend.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to

1

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the Defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); see Wong v. Bell, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on Defendants. Neitzke v. Williams, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on Defendants).

If a Plaintiff proceeds in forma pauperis, the court shall dismiss a case at any time if the court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See, 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

Murphy, 745 F.2d at 1228. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. at 327.

B.      Plaintiffs' Allegations

Plaintiff is currently incarcerated at Pleasant Valley State Prison.  He alleges that he has been eligible for parole since 1983 after suffering a conviction for first degree murder in 1976. Plaintiff has had eighteen parole hearings during his incarceration.  Plaintiff alleges that at a parole hearing in June 2007, the Board of Parole Hearings (Hereinafter, "BPH") indicated that he was capable of being released from prison if certain conditions were met at the time of his next review.  The BPH appointed Defendant to represent Plaintiff at this hearing which was scheduled for June 13, 2008.

Plaintiff alleges that he had met with Defendant just prior to the June 13, 2008 hearing. At that time, Defendant indicated that Plaintiff had a good chance of getting released.  However, Plaintiff alleges that when he attended the parole hearing on June 13, 2008, the Defendant was not present.  Further, Plaintiff alleges that the BPH indicated that they had received a Board of Parole Hearing Form 1001(a) requesting that the hearing be continued.  Plaintiff alleges that he never discussed a continuance with Defendant and that Defendant filled out the form without his knowledge or consent.  Consequently, the PBH appointed him new counsel and continued his hearing.

Plaintiff argues that Defendant's willful actions violated his constitutional rights by denying him due process and by extending his criminal sentence by six months.  Plaintiff alleges that as a result of Defendant's actions, he suffered mental and emotional pain, stress, and anguish. Plaintiff seeks $120,000 in compensatory and punitive damages, special damages according to proof, declaratory relief, injunctive relief, costs, and any other additional relief deemed proper by the court.

C.      Analysis of Plaintiff's Claims

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C. § 1983.

Thus, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

As preliminary matter, other than stating that Defendant violated his constitutional rights, Plaintiff has failed to state with specificity which constitutional rights Defendant has violated. Moreover, even if a constitutional right was clearly articulated, Plaintiff's claim is not cognizable. Although Defendant was an attorney appointed by the PBH and was paid by government funds, he was not acting under color of state law at the time of his legal representation. It is well established that court appointed attorneys are not state actors. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); Miranda v. Clark County of Nevada, 319 F. 3d 465, 468 (9th Cir. 2003) (Upholding dismissal of a complaint on the basis that public defender was not acting on behalf of the county for purposes of § 1983 when defendant's function in his role as plaintiff's attorney was to represent plaintiff's interests, not the interests of the state). As such, Defendant did not act under color of state law and Plaintiff's complaint fails state a claim under 42 U.S.C. § 1983. Therefore, the complaint should be dismissed without leave to amend.

## **RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

1  and Recommendations."  The parties are advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
3  (9th Cir. 1991).

      IT IS SO ORDERED.

      **Dated:**   **January 9, 2009**            **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE